UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>               Plaintiff,<br>v.<br><br>LUIS E. RODRIGUEZ, an individual; VICKY M. RODRIGUEZ, an individual; AND DOES 1 through 10 inclusive,<br><br>               Defendants. | Civil No.13cv528 AJB (RBB)<br><br>ORDER:<br><br>(1) *SUA SPONTE* REMANDING TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION, (Doc. No. 1); AND<br><br>(2) DENYING AS MOOT DEFENDANT'S *IN FORMA PAUPERIS* APPLICATION, (Doc. No. 3). |

On March 6, 2013, Defendant Vicky Rodriguez ("Rodriguez"), acting *pro se*, filed a notice of removal, (Doc. No. 1), and an application to proceed *in forma pauperis*, (Doc. No. 3).[1] The notice of removal seeks to remove an unlawful detainer proceeding initiated in San Diego Superior Court by Federal National Mortgage Association ("Federal National Mortgage"), the Plaintiff in this action. (Doc. No. 1.) For the reasons set forth below, the Court *sua sponte* REMANDS the action to San Diego Superior Court for lack of subject matter jurisdiction and DENIES as moot Defendant Vicky Rodriguez' application to proceed *in forma pauperis*. (Doc. Nos. 1, 3).

---

[1] Defendant Vicky Rodriguez and Luis Rodriguez (collectively, "Defendants") were both named as Defendants in the state court complaint. However, because the Court finds it lacks subject matter jurisdiction over the instant matter, the Court need not address this procedural defect. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998) ("All defendants must join a notice of removal.").

### ***DISCUSSION***

An action is removable to a federal court only if it could have been brought there originally. *See* 28 U.S.C. § 1441(a). As set forth in the notice of removal, Rodriguez alleges that the Court has subject matter jurisdiction and diversity jurisdiction over the present action. (Doc. No. 1 at 2-3.) However, after a review of the notice of removal and the state court complaint, the Court finds the notice of removal appears to be "template" that has not be fully updated to reflect the factual and legal allegations of the instant matter. For example, Rodriguez contends that the Court has federal question jurisdiction over the instant matter based on the "Federal Debt Collection Practices Act," and diversity jurisdiction over the matter because the parties are completely diverse and the matter in controversy exceeds $75,000. (*Id.*) Both of these arguments are misplaced.

First, the state court complaint initiated by Federal National Mortgage is an unlawful detainer action seeking to recover possession of the property located at 635 Cocapah Street, Vista, California 92083 (the "Property"). The complaint does not contain a cause of action under the federal Fair Debt Collection Practices Act ("FDCPA"), nor does the complaint allege any other federal causes of action. Thus, the Court finds it lacks federal question jurisdiction over the matter. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (stating that the presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," i.e., federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint) (internal citations omitted); *see also Indymac Federal Bank, F.S.B. v. Ocampo*, No. 09-2337, 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (finding no subject matter jurisdiction where complaint stated only an unlawful detainer claim).

Second, Rodriguez maintains that the parties are completely diverse and that the amount in controversy exceeds $75,000. (Doc. No. 1 ¶¶ 6-7.) However, even a cursory look at the complaint proves otherwise. The state court complaint clearly states that Federal National Mortgage—the Plaintiff in this action—is a corporation authorized to do business in California and that both Defendants are residents of California. (Doc. No. 1,

Ex. A at 8.) Moreover, and even more telling, although Rodriguez asserts that "Plaintiffs do not quantify the amount in damages they seek to recover in this case," the state court complaint is labeled as a limited civil case, wherein Federal National Mortgage explicitly seeks less than $10,000. (*Id.*) Accordingly, the Court finds it lacks diversity jurisdiction over the instant matter because the parties are not completely diverse and the amount in controversy does not exceed $75,000. *See* 28 U.S.C. § 1332 (stating that a district court has diversity jurisdiction over any civil action between citizens of different states so long as the amount in controversy exceeds $75,000, exclusive of interest and costs).

## *CONCLUSION*

Therefore, because an unlawful detainer action does not raise a question arising under federal law, and the Court lacks diversity jurisdiction over the matter, the Court *sua sponte* REMANDS the action to San Diego Superior Court. Accordingly, Defendant's application to proceed *in forma pauperis* is hereby DENIED as moot. The Clerk of Court is instructed to remand the case and close the file.

IT IS SO ORDERED.

DATED: March 11, 2013

Hon. Anthony J. Battaglia
U.S. District Judge